UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT MORRILL HODGMAN,

       Plaintiff,

v.                                     Case No.  3:14-cv-1110-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his application for Supplemental Security Income.  Plaintiff

alleges he became disabled on June 1, 1998.  (Tr. 156-61, 172.)  Plaintiff's claim

was denied initially and on reconsideration.  (Tr. 71-91, 96-101, 103-07.)  A

hearing was held before the assigned Administrative Law Judge ("ALJ") on

October 16, 2012, at which Plaintiff was represented by an attorney.  (Tr. 29-67.)

The ALJ found Plaintiff not disabled from June 1, 1998, through July 18, 2011,

the date of the application.  (Tr. 13-21.)

In reaching the decision, the ALJ found that Plaintiff had the following

severe impairments: "a history of seizure disorder, cervical and lumbar spine

disorder and right hip disorder."  (Tr. 15.)  The ALJ also found that Plaintiff had

---

[1] The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge.  (Doc. 15.)

the residual functional capacity ("RFC") to perform medium work with limitations. (Tr. 15.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from June 1, 1998 through July 18, 2011.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991).  The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

II.   **Discussion**

Plaintiff raises three general issues on appeal.  Plaintiff argues that the ALJ

failed to articulate good cause for discounting the opinions of Plaintiff's treating

physician, Thomas Washburn, M.D.  Plaintiff also argues that the ALJ improperly

relied on the opinions of non-examining state agency physician, Violet Stone,

M.D.  Finally, Plaintiff contends that the ALJ erred by failing to properly evaluate

his credibility.  Defendant responds the ALJ's evaluation of the medical opinions

of record is clearly articulated and supported by substantial evidence.  Defendant

also asserts that the ALJ properly evaluated Plaintiff's credibility and found

Plaintiff to be not entirely credible.

A.   **Standard for Evaluating Opinion Evidence**

The ALJ is required to consider all the evidence in the record when making

a disability determination. See 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). With

regard to medical opinion evidence, "the ALJ must state with particularity the

weight given to different medical opinions and the reasons therefor."  *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  Substantial weight

must be given to a treating physician's opinion unless there is good cause to do otherwise.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, see *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted," *Cooper v. Astrue*, 2008 WL 649244 at *3 (M.D. Fla. Mar. 10, 2008).  Further, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971 at *2 (11th Cir. Mar.

9, 2007) (per curiam); *see also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam); s*ee also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision. SSR 96-6p.

### B.    The ALJ's Decision

The ALJ found that Plaintiff had severe impairments, including a history of seizure disorder, cervical and lumbar spine disorder, and right hip disorder. At Step Three in the evaluation process, the ALJ found that "[a]lthough Plaintiff has 'severe' impairments, they do not meet or equal the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1)." (Tr. 15.) As a basis for this finding, the ALJ reasoned that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairments in the Listing of

Impairments."  (*Id.*)

At Step Four, the ALJ found that Plaintiff retained the RFC to perform medium work, but limited him to climbing ramps and stairs occasionally, but never climbing ladders, ropes, and scaffolds.  The ALJ also limited Plaintiff to balancing, stooping, crouching, crawling, kneeling, and reaching overhead occasionally. (*Id.*)

In making this finding, the ALJ gave "little weight" to Dr. Washburn's treating opinions regarding Plaintiff's spine and right hip limitations, as well as his opinion that Plaintiff is unable to work.  (Tr. 19.)  The ALJ stated:

> Little weight is given to these opinions, however, as they are not supported by the other credible objective medical evidence of record and Dr. Washburn's statement that [Plaintiff] is unable to work is not supported by any rationale and is a legal conclusion reserved to the Commissioner (20 CFR § 404.1527(e)(1) and Social Security Ruling 96-5p).

(*Id.*)

With respect to the other opinion evidence of record, the ALJ stated:

> Dr. Stone found [Plaintiff] capable of lifting or carrying 25 pounds frequently and 50 pounds occasionally and being able to sit or stand/walk for 6 hours in an 8-hour workday.  Restrictions on postural and environmental limitations were indicated (Exhibit 3A). Some weight is given to this opinion as it is consistent with the other credible objective evidence of record which establishes that while [Plaintiff] has limitations as a result of his impairments, these limitations are not so severe as to preclude him from performing work in accordance with the [RFC] assessment set forth above.  The limitations that are present have been taken into account in the [RFC] assessment, which includes postural, manipulative and environmental limitations.

(*Id.*)

C.    **Analysis**

Plaintiff argues that the ALJ erred by relying on the opinions of Dr. Stone, a non-examining state agency physician, and by discounting the opinions of Dr. Washburn, Plaintiff's treating physician.  Specifically, Plaintiff contends that at the time Dr. Stone rendered her opinions, she did not have access to a February 6, 2012 CT scan of Plaintiff's cervical spine and, therefore, the ALJ committed error by relying on Dr. Stone's opinions in making his RFC findings.  Moreover, Plaintiff argues that the ALJ failed to articulate clear reasons supported by substantial evidence for discounting Dr. Washburn's treating opinions.  In support, Plaintiff points to the ALJ's lack of discussion regarding Dr. Washburn's opinions, as well as the ALJ's statement that "[n]o *treating* or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment . . ."  (Tr. 15 (emphasis added).)  Finally, Plaintiff argues that the ALJ failed to properly assess his credibility.

The undersigned agrees with Plaintiff in that the Court cannot conclude that the ALJ applied the correct legal standards with respect to evaluating Dr. Washburn's opinions and that the Commissioner's findings in this regard are supported by substantial evidence.  First, the ALJ's statement at Step Three in the evaluation that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the

7

evidence show medical findings that are the same or equivalent to those of any listed impairment in the Listing of Impairments," is incorrect.  On October 16, 2012, Dr. Washburn completed a separate "Listing 1.04A Worksheet" for Plaintiff's cervical and lumbar spine.  (Tr. 415-16.)  On that same date, Dr. Washburn also completed an "Interrogatory to Treating Source" with respect to Plaintiff's right hip.  (Tr. 417.)  In each of these evaluations, Dr. Washburn concluded that if the condition is not exactly the same as those noted in the listing, then the resulting impairments and limitations caused by the condition are at least equal in severity to the listed condition.  (Tr. 415-17.)  Dr. Washburn commented as to the bases of his conclusions within the documents.  (*Id.*)  Yet, without further discussion, the ALJ reasoned that "no treating or examining physician has *mentioned findings equivalent in severity* to the criteria of any listed impairment."[2]  (Tr. 15 (emphasis added).)  While the ALJ's erroneous statement in this regard may not, on its own, be considered reversible error, it highlights the ALJ's error in the overall evaluation of Dr. Washburn's medical opinions in this

---

[2] The Commissioner argues that Dr. Washburn's opinions cannot show that Plaintiff meets a listing because they fail to show that the limitations existed for twelve (12) months.  The Court cannot consider this contention, regardless of merit, because the ALJ failed to provide such a reason in his decision.  Rather, the ALJ merely stated that "[n]o treating physician . . . has mentioned findings equivalent in severity to the criteria of any listed impairment," which is clearly untrue.  The undersigned cannot accept the Commissioner's contention as it constitutes an improper *post hoc* rationalization.  *See, e.g., Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions.  If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (internal citations omitted).

matter.

The undersigned finds that the ALJ also failed to articulate clear reasons, supported by substantial evidence, for according little weight to Dr. Washburn's opinions.  On September 25, 2012, Dr. Washburn completed a Physical Residual Functional Capacity Questionnaire.  (Tr. 410-14.)  Dr. Washburn opined that during a typical workday, Plaintiff's experience of pain or other symptoms are severe enough to constantly interfere with the attention and concentration needed to perform even simple work tasks.  (Tr. 411.)  Ultimately, Dr. Washburn concluded that Plaintiff was unable to work as of July 18, 2011.  (*Id.*)  Dr. Washburn also noted limited ranges of motion regarding Plaintiff's lumbar and cervical spine in the listing worksheets.  (Tr. 415-16.)  Dr. Washburn opined that Plaintiff has chronic joint pain and stiffness in his right hip and that Plaintiff has range of motion deficits in his right hip.

Further, Dr. Washburn opined that Plaintiff's right hip impairments result in an inability for Plaintiff to ambulate effectively and that Plaintiff requires a cane to walk.  (Tr. 417.)  Finally, Dr. Washburn opined that Plaintiff: (a) could stand comfortably for only fifteen to twenty minutes at one time and for a maximum of one hour during an eight hour workday, (b) could walk comfortably only 100 yards at one time and twenty minutes total throughout an eight hour workday, and (c) should elevate his legs thirty degrees for one hour to an hour and one half throughout the day.  (Tr. 417-18.)

In evaluating Dr. Washburn's opinions, the ALJ merely stated that he accorded them "little weight" because "they are not supported by the other credible objective medical evidence of record and Dr. Washburn's statement that [Plaintiff] is unable to work is not supported by any rationale and is a legal conclusion reserved to the Commissioner."  (Tr. 19.)  However, the ALJ did not explain what objective medical evidence of record he was referring to.  In the discussion of Dr. Washburn's opinions, the ALJ failed to cite to any specific medical records that he found to be inconsistent with Dr. Washburn's opinions. *See, e.g., Beard v. Colvin*, Case No. 3:14-cv-18-J-JRK, 2015 WL 1138447 at *6 (M.D. Fla. Mar. 13, 2015) ("Simply put, in the discussion of [the treating physician's] opinion, the ALJ did not cite to any specific medical records that he found to be inconsistent with [the treating physician's] opinion."); *see also Anthony v. Astrue*, Case No. 3:11-cv-355-J-JRK, 2012 WL 3536989 at *4 (M.D. Fla. Aug. 14, 2012) (reversing Commissioner's decision where ALJ discounted treating physician's opinion because "the ALJ provided no analysis or explanation regarding the other conclusory reasons to discount the opinion"); *Gayler v. Astrue*, Case No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050 at *6 (M.D. Fla. Sept. 18, 2008) (reversing Commissioner's decision where "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); *Russ v. Astrue*, Case No. 3:07-cv-1213-J-MCR, 2009 WL 764516 at *10 (M.D. Fla. Mar. 20, 2009) (finding the ALJ's

decision to be deficient where ALJ discounted treating physician in favor of non-examining physician because treating physician's opinion was "not supported by objective findings"). The failure of the ALJ to explain why Dr. Washburn's opinions "were not supported by the other credible objective medical evidence of record" frustrates judicial review and precludes a finding that the ALJ's treatment of Dr. Washburn's opinions is supported by substantial evidence. *See, e.g., Beard*, 2015 WL 1138447 at *6 (stating that the ALJ's failure to explain the reason for discounting treating physician's opinion "frustrates judicial review and precludes a finding that the ALJ's treatment of [the treating physician's] opinion is supported by substantial evidence").

While the ALJ and the Commissioner are correct that Dr. Washburn's opinion that Plaintiff is unable to work constitutes a legal conclusion on an issue reserved to the Commissioner, Dr. Washburn did not solely opine that Plaintiff is unable to work. Dr. Washburn's opinions contain specific statements regarding Plaintiff's ability to function in light of his impairments. The ALJ failed to articulate clear reasons for discounting these opinions.

The ALJ's error in this regard is significant because there appears to be objective medical evidence supporting Dr. Washburn's opinions. *See, e.g., Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)) ("An ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while

11

ignoring evidence that points to a disability finding.").  For example, on January

26, 2012, Plaintiff reported worsening symptoms in the form of left arm numbness

and weakness.  (Tr. 357.)  On February 6, 2012, underwent a CT scan of the

cervical spine.  (Tr. 351-52.) The CT scan revealed "[u]ncovertebral joint

hyperthrophy and facet degeneration on the right with severe right foraminal

stenosis," at the C5-6 level.  (Tr. 351.)  The CT scan also revealed "moderate to

severe biforaminal stenosis mostly due to uncovertebral joint hypertrophy," at the

C6-7 level.[3]  (*Id.*)  Moreover, Peter Harding, D.O., another physician besides Dr.

Washburn who examined Plaintiff at the Samaritan Medical Center, opined that

Plaintiff "may need EMC/nerve conduction or other referral."  (Tr. 357.)  David

Page, M.D., a physician who also examined Plaintiff at the Samaritan Medical

Center, referred Plaintiff to a neurologist on February 9, 2012.  (Tr. 353.)

 Because the undersigned finds that the ALJ failed to show good cause for

---

[3] As noted by Plaintiff, the ALJ apparently discredited the findings of the February 6, 2012 CT scan in the credibility discussion of his decision.  (Tr. 18 ("[The CT scan] findings are not well-correlated with examinations performed either before or after this study by the claimant's own treating doctor and a neurological examination performed at the Good Samaritan Clinic did not find any sequelae to confirm these findings despite the claimant's complaints of weakness and numbness in his arms which had not been reported previously.").)  The ALJ may have relied on this credibility finding to reason that Dr. Washburn's opinions are "not supported by the other *credible* objective medical evidence of record."  (Tr. 19 (emphasis added).)  However, it is clear that an "ALJ cannot 'play doctor' by substituting [his] own uniformed medical evaluations for that of a medical professional."  *Sneed v. Comm'r of Soc. Sec.*, Case No. 6:13-cv-1453-Orl-TBS, 2015 WL 1268257 at *6 (M.D. Fla. Mar. 19, 2015) (citations omitted).  The ALJ impermissibly did so here.  *Cf. Sneed*, 2015 WL 1268257 at *3 ("While the line between appropriately finding facts and inappropriately 'playing doctor' is not always clear, the apparent reinterpretation of highly technical MRI imaging reports clearly falls on the impermissible side of the line.") (internal citations omitted).

discounting Dr. Washburn's opinions, it is unnecessary to consider whether the ALJ improperly relied on the opinions of Dr. Stone, a non-examining state agency physician. *See, e.g., Russ*, 2009 WL 764516 at *11 ("The ALJ has not shown good cause for discounting the treating physician's opinion by clearly articulating his reasons and supporting them with the evidence. As such, the Court need not consider whether it was appropriate, in this circumstance, for the non-examining physician's opinion to override that of the treating physician.").

Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider the opinions of Dr. Washburn, explain what weight it is being accorded, and the reasons therefor. If the ALJ rejects any portion of these opinions, he must clearly articulate and explain his reasons for doing so. However, on remand, the ALJ will be directed to re-consider Dr. Stone's opinions, especially since it is clear that she did not have access to the February 2012 CT scan. In light of this conclusion and the possible change in the RFC assessment, the Court also finds it unnecessary to address Plaintiff's third argument regarding the ALJ's evaluation of Plaintiff's credibility. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). The ALJ will nevertheless be directed to re-consider Plaintiff's credibility on remand.

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider Dr. Washburn's opinions, explain what weight they are being accorded, and the reasons therefor; (b) reconsider Dr. Stone's opinions, explain what weight they are being accorded, and the reasons therefor; (c) reconsider Plaintiff's credibility; (d) reconsider the RFC assessment, if necessary, and (e) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.     Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on March 7, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record